# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 25-0313V

JAIME JOHNSON ,

                 Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                 Respondent.

Chief Special Master Corcoran

Filed: October 21, 2025

*Jonathan P. Groth, Groth Law Firm, S.C., Wauwatosa, WI, for Petitioner.*

*Alyssa M. Petroff, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On February 21, 2025, Jaime Johnson a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration as the result of an influenza ("flu") vaccination received on January 29, 2023. Petition at 3. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 30, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation. On October 21, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $42,500.00 to Petitioner for his pain and suffering and $250.90 to the State of Wisconsin Medicaid lien. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following:**

A.  **A lump sum payment of $42,500.00 (for Petitioner's pain and suffering), to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner, Jaime Johnson, and**

B.  **A lump sum payment of $250.90, representing compensation for satisfaction pf the State of Wisconsin Medicaid lien, in the form of a check payable jointly to Petitioner and:**

> **Wisconsin Casualty Recovery**
> **5615 High Point Drive Suite 100**
> **Irving, TX 75038-9984**

**Petitioner agrees to endorse this check to Wisconsin Casualty Recovery.**

These amounts represent compensation for all damages that would be available under Section 15(a). The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**JAIME JOHNSON**,

        Petitioner,

v.

**SECRETARY OF HEALTH AND**
**HUMAN SERVICES**,

        Respondent.

**No. 25-0313V**
Chief Special Master Corcoran
ECF

## PROFFER ON AWARD OF COMPENSATION[1]

On February 21, 2025, Jaime Johnson ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he sustained shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, 42 C.F.R. § 100.3, as the result of an influenza ("flu") vaccination received on January 29, 2023. ECF No. 1 at 3. On September 26, 2025, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury. ECF No. 18. On September 30, 2025, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 19.

### I.    Items of Compensation

Based on the evidence of record, respondent proffers that petitioner should be awarded the following:

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

A.    Pain and Suffering

Respondent proffers that petitioner should be awarded **$42,500.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B.    Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy the State of Wisconsin Medicaid lien in the amount of **$250.90**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Wisconsin may have against any individual as a result of any Medicaid payments the State of Wisconsin has made to or on behalf of petitioner from the date of his eligibility for benefits through the date of judgment in this case as a result of his vaccine-related injury suffered on or about January 29, 2023.

The above amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

II.    **Form of the Award/Recommended Payments**

The parties recommend that compensation provided to petitioner should be made through two lump sum payments described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[2]

A.  A lump sum payment of **$42,500.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Jaime Johnson; and

B.  A lump sum payment of **$250.90**, representing compensation for satisfaction of the State of Wisconsin Medicaid lien, in the form of a check payable jointly to petitioner and:
> Wisconsin Casualty Recovery
> 5615 High Point Drive Suite 100
> Irving, TX 75038-9984

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

Petitioner agrees to endorse this check to Wisconsin Casualty Recovery.

Petitioner is a competent adult.  Proof of guardianship is not required in this case.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

JULIA M. COLLISON
Assistant Director
Torts Branch, Civil Division

**/s/ _Alyssa M. Petroff_**
ALYSSA M. PETROFF
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 307-3852
Fax: (202) 616-4310
Email: Alyssa.Petroff2@usdoj.gov

Date: October 21, 2025